30 160 44a 491
30 160 46a 476
30 160 53a 524
30 160 63a 682
30 160 e96a 1319

NEWMARK, Appellant, v. THE LIVERPOOL AND LONDON FIRE AND LIFE INSURANCE COMPANY, Respondent.

1. The liability of an insurance company for losses by thefts occurring at the time of a fire is not restricted to such losses occurring during the continuance of the fire merely; if the loss by theft be occasioned directly by the fire, the insurer will be liable though it happen after the extinguishment of the fire.
2. The affidavits and accounts of loss constituting the preliminary proofs furnished by the insured to the insurance company are evidence that the insured has complied with the stipulations of the policy in this respect; they are not evidence in favor of the insured as to the amount of the loss.
3. The admissibility of the testimony of skilled witnesses is, as a general rule, confined to a case where, from the nature of the subject, facts disconnected from such opinions can not be so presented to the jury as to enable them to pass upon the question with the requisite knowledge and judgment.

*Appeal from St. Louis Court of Common Pleas.*

This was an action by Abraham Newmark against the Liverpool and London Fire and Life Insurance Company to recover for a loss by fire on his stock of goods covered by a policy, issued by the said company, for five thousand dollars. There was another policy issued by the Citizens' Insurance Company on the same goods. The plaintiff claimed that his whole loss amounted to nine thousand and eighty-one dollars and forty-two cents, one-half of which, with interest, he claimed to recover of defendant. At the trial the plaintiff adduced proofs to show the amount of his

LAW SCHOOL LIBRARY.

loss. The opinions of certain witnesses with respect to the capacity of the store of plaintiff were admitted in evidence in behalf of defendant. The character of this testimony is sufficiently set forth below in the opinion of the court.

The court, at the instance of the plaintiff, gave the following instructions: 1. If the jury believe from the evidence that only a portion of the goods mentioned in the plaintiff's petition was consumed by fire and damaged by water, but that the balance of said goods so alleged to be lost was, on account of the fire, stolen from said store so as to be lost to the plaintiff, then the same is covered by the policy of insurance of the defendant read in evidence, and the jury ought so to find. 2. The plaintiff is entitled in this action to recover for all the property burnt or damaged by either fire or water used at the time of the fire to extinguish it, as well as for such property as was stolen from the store of the plaintiff on the corner of Main and Locust streets at the time of the fire and caused or occasioned by the said fire, and which was not afterwards recovered by said plaintiff. 3. If the jury shall believe from the evidence that any witness in the cause has wilfully sworn falsely to any material fact in the case, they have a right to disregard all the testimony of said witness not corroborated by other truthful testimony. It is however the province of the jury to judge of the weight and credibility of each witness in the case."

The court, at the instance of the defendant, gave the following instructions: "1. The jury are instructed that it is their duty to ascertain from the evidence in the cause the amount of the plaintiff's loss and damage by the fire, and the recovery of plaintiff is limited to the one-half of the whole amount of loss or damage. 2. In ascertaining the amount of the plaintiff's loss or damage the jury are to consider and weigh all the facts and circumstances in the case, and to find their own verdict for the amount they believe from the evidence the plaintiff actually lost by the fire. 3. The plaintiff is entitled to recover for goods that were lost at the time of the fire, but not for any goods that were stolen before the

fire, or that may have been stolen after the fire happened and was extinguished. 4. If the jury find from the evidence that in the plaintiff's account of loss furnished to the defendant he knowingly claimed and made affidavit that he sustained a larger amount of loss than he really and in truth sustained by the fire, with intent to defraud the defendant, then the plaintiff is guilty of fraud and false declaration, and can not recover any thing in this action. 5. The books of account of the plaintiff, produced in this cause, are not evidence before the jury, unless the same are proved by the parties making the entries therein or some person who examined or knew the same at the time of being made to be correct and true, and the entries made by the plaintiff himself can not be evidence in his favor except so far as they are shown by other evidence to be correct. 6. The affidavits and accounts constituting the preliminary proofs of plaintiff to defendant, produced in this cause, are not evidence of plaintiff's loss, nor of any thing in them contained except the fact that said proofs were made by the plaintiff for the defendant. 7. The jury is instructed that the proceeds of the damaged goods sold at auction belong to the plaintiff and not to the underwriters."

The jury found for plaintiff and assessed his damages at one thousand one hundred and sixteen dollars.

*H. N. Hart*, for appellant.

1. The third instruction given for defendant was erroneous and calculated to mislead. If the loss were directly traceable to the fire, the insurer is liable. (1 Phill. on Ins. § 624, 1107; 3 Penn. 471; 1 Sto. 157; 1 Holt, 149; 14 Mo. 3; 13 Ill. 676; Amer. Law Reg. 149.) There was no evidence whatever as to thefts before the fire broke out. Instructions should not be mere abstract propositions of law. (26 Mo. 393, 394; 4 Mo. 106; 8 Mo. 224; 21 Mo. 405; 25 Mo. 335; 27 Mo. 26.) The fourth instruction was erroneous. Fraud was not alleged in the answer. The fifth instruction was erroneous. The books of account were proven. Whether

so proven as to go to the jury was for the court to determine. It was irregular to submit the question to the jury whether they were evidence or not. So the sixth instruction was erroneous. (2 Phill. on Ins. 643; Moore v. Protection Ins. Co. 29 Maine, 97.) Only one objection, purely formal, was offered to the admission of the preliminary proofs. (13 Ill. 676.) The evidence was before the jury. (21 Mo. 256.) The opinions of witnesses as to the amount of plaintiff's stock, as experts, were improperly admitted. The amount of plaintiff's loss, or the quantity and value of the stock in plaintiff's store at or before the fire, was not susceptible of proof by experts. No witness should have been allowed to testify who had no knowledge of the character and quantity of plaintiff's stock. (2 Tayl. Ev. 943; 1 Greenl. Ev. 440; 6 N. H. 463; 9 Cush. 337; 17 Wend. 163; 2 Conn. 514; 13 Conn. 81; 7 Conn. 72; 7 Cush. 319; 7 Wend. 78; 1 Green, 232; 3 Denio, 355; 3 N. H. 349; 1 Wheel. Cr. C. 205; 7 Mo. 231; 4 Conn. 203; 6 Conn. 9; 2 Hamm. 61; 7 Verm. 161; 4 H. & McH. 63; 20 Pick. 259; 16 Ohio, 513; 5 W. & S. 333.)

*B. A. Hill*, for respondent.

I. The instruction given with respect to the preliminary proofs was correct. (Kyle v. St. Louis Ins. Co. 11 Mo. ——.) The court declared the law in the instruction concerning the stolen goods. The defendant was not liable for the loss of goods stolen before the fire or after it was extinguished, unless the fire was the cause of the goods being stolen. There was no evidence of any stealing except in one instance of a man who was caught. The instruction concerning the books of account was correct. The books were not evidence unless the entries were proved.

Napton, Judge, delivered the opinion of the court.

We consider the third instruction, which was given in this case for the defendant, as objectionable. The rule in relation to stolen goods had been sufficiently explained to the

jury in the first instruction given for the plaintiff, and the restriction of the liability of the company for thefts to the precise period when the fire was extinguished is not in accordance with the principle upon which such liability is based. That principle is alluded to in the instruction first given on this subject; the precise time when a theft occurs is not important, if it be occasioned directly by the fire. Such an instruction may have a tendency to mislead, especially as there was no evidence of any thefts having been committed before the fire happened or after it was extinguished.

The propriety of the fourth instruction given for the defendants is not material, since the jury found for the plaintiff upon the facts submitted to the jury on that instruction. But as the answer did not set up any forfeiture of the policy by reason of false or fraudulent affidavits in the preliminary proofs, the instruction was upon an issue not made by the pleadings and calculated to prejudice the plaintiff's claim.

The fifth instruction given for the defendants seems to have been designed to convey a proper caution to the jury in relation to the character and effect of the plaintiff's books of accounts as evidence. The phraseology of the instruction is perhaps awkward, if not ambiguous, and is objected to as leaving to the jury the question of the competency of this part of the plaintiff's evidence. If liable to this interpretation, the instruction would undoubtedly be objectionable; but we suppose it was simply intended to apprise the jury that the books were not evidence *of themselves*, as they have been and are considered in some courts, but that they should be regarded as entitled to no further weight than the proof of the witnesses who were examined in relation to their accuracy would justify.

The sixth instruction was, in our opinion, correct. The affidavits and accounts of loss, constituting the preliminary proofs, are evidence that the plaintiff has complied with the requirements of the policy in this respect, but they are no evidence in his favor upon the amount of loss. The affidavit required to be appended to every petition might as well

be regarded as proof of the truth of its allegations. The contrary decision in Moore v. Pennsylvania Insurance Co., 29 Maine, 97, seems to have no support in principle or upon authority.

Upon the trial of this case several witnesses were allowed to give their opinions of the amount of goods in value which the plaintiff's store would contain, and especially the value of the goods which could have been packed on the shelves destroyed by the fire. The witnesses were engaged in the same business followed by the plaintiff.

The general rule is that persons of skill in any particular science or art may give their opinions, "when the subject matter is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance; in other words, when it so far partakes of the nature of a science or art as to require a course of previous habit or study in order to attain a knowledge of it." (Taylor on Evidence, vol. 2, § 1038.) The rule is evidently confined to cases where, from the nature of the subject, facts disconnected from such opinions can not be so presented to the jury as to enable them to pass upon the question with the requisite knowledge and judgment. There are some exceptions to this rule not necessary to be noticed in connection with the point taken here.

There can be no doubt that the evidence given in this case was of a very loose and unsatisfactory character. The two witnesses first called differed by ten thousand dollars as to the amount of goods which could be packed in the store; nor did either of them have any knowledge of the store and its contents before the fire. Their opinions seem to have been formed upon a mere inspection of the store after the fire, and an examination of the general character of the stock left. In the case of Howard v. The City Fire Ins. Co., 4 Denio, 507, the witness was a clerk in a store immediately adjoining the one burnt, and proved the dimensions of the two stores to be the same. He also proved that previous to the fire an inventory had been taken of the goods in the store

where he acted as clerk, and he was allowed, from the appearance of the two stores as observed by him, to give his opinion of the relative quantity of goods in the two stores. But in the present case, the opinions of the witnesses seem to have been formed without any peculiar advantages of arriving at correct conclusions. If they had confined their statements to facts, it is not seen that the jury could not have drawn as correct conclusions as the witnesses. Their opinions appear to be mere random conjectures.

The other judges concurring, the judgment is reversed and the case remanded.