The Queen Insurance Co. of Liverpool, England, *v.* The Hudnut Co.

Filed Nov. 8, 1893.

———————◆———————

No. 879.

THE QUEEN INSURANCE COMPANY OF LIVERPOOL, EN-
GLAND, *v.* THE HUDNUT COMPANY.

PLEADING.— *Action on Insurance Policy.*— *Answer.*— *Confession and Avoidance.*— *General Denial.*— To a complaint on an insurance policy, alleging loss of insured property by tornado, cyclone or hurricane, the defendant answered that the loss was caused by a very high wind forcing a boat of the Cincinnati and Memphis Packet Co. against the property. The answer is insufficient as a confession and avoidance, neither is it good as a denial, and no defense is stated to the action. The further allegation of an investigation by

the assured and the insurer, and the bringing of an action for damages by the insured against the Cincinnati and Memphis Packet Co. did not show a release of the insurer from liability.

SAME.—*General Allegations Controlled by Special.*—Special allegations in a pleading, inconsistent with the general allegation, control the general statement.

From the Vanderburgh Circuit Court.

*A. Gilchrist* and *C. A. De Bruler,* for appellant.

*G. V. Menzies, S. B. Davis* and *G. M. Davis,* for appellee.

Ross, J.—This action was brought by the appellee to recover, on a policy of insurance, the value of a building alleged to have been destroyed by a cyclone or hurricane. The policy sued on was issued by the appellant to the Mt. Vernon Hominy Mill Company, insuring said building against loss or damage by cyclones, tornadoes and hurricanes, and, after the loss complained of, the rights under the policy were assigned by the insured to the appellee.

The appellant filed an answer to the complaint in two paragraphs, in each of which it set up matter in avoidance. No answer of general denial was pleaded. Demurrers were overruled to each paragraph of the answer, and the appellee replied specially.

The second paragraph of the reply was addressed to the first paragraph of the answer, and the fourth paragraph of the reply to the second paragraph of the answer. Demurrers were filed to each of these paragraphs of the reply, and the court, in ruling thereon, carried the demurrers back and sustained them to each of said paragraphs of answer. The appellant refusing to plead further, judgment was rendered in favor of the appellee.

The errors assigned by appellant in this court are as follows:

"1st. The court erred in overruling appellant's demurrer to the second paragraph of the reply."

24    APPELLATE COURT OF INDIANA,

The Queen Insurance Co. of Liverpool, England, *v.* The Hudnut Co.

"2d. The court erred in overruling appellant's demurrer to the fourth paragraph of the reply."

"3d. The court erred in holding the first paragraph of appellant's answer insufficient in law to constitute a defense to plaintiff's complaint."

"4th. The court erred in holding the second paragraph of appellant's answer insufficient in law to constitute a defense to plaintiff's complaint."

As the record comes to this court, the only ruling of the court below, to which appellant could take exception, was in carrying the demurrers back and sustaining them to each paragraph of the answer. By this ruling of the court, the replies were virtually stricken from the record. When the answers went out, the replies thereto followed. Without an answer in the record no reply was necessary, because it required none to form an issue. The first and second errors assigned present no question on the ruling of the court in carrying the demurrers back and sustaining them to the answers. Do the third and fourth?

Section 655, R. S. 1881, provides: "No pleadings shall be required in the Supreme Court upon an appeal, but a specific assignment of all errors relied upon, to be entered on the transcript in matters of law only, which shall be assigned on or before the first day of the term at which the cause stands for trial; and the appellee shall file his answer thereto."

The assignment of errors is the appellant's complaint, and each specification must be specific. If the error assigned is predicated upon a ruling on a demurrer to a pleading the assignment should so state, designating specially what ruling is complained of. See Elliott's App. Proced., section 308, and cases cited.

While these assignments may not meet the require-

ments of the statute and the rules of this court in this respect, we shall, nevertheless, in this instance, consider the questions which are sought to be presented thereby.

In the first paragraph of the answer it is alleged, in substance, that the warehouse described in the policy and in the complaint was not blown down by the immediate action of a cyclone, tornado or hurricane, but was destroyed as a result of a collision with a steamboat navigating the Ohio river; that after attempting to make a landing, in which it was unsuccessful, and while endeavoring to leave the wharf-boat, which was the public landing for steamboats at Mount Vernon, said boat, by reason of the force of a very high wind then prevailing, was driven against said building, causing it to fall. It was further alleged that said building was not blown down by a tornado or by any cyclone or hurricane, or by the force of the wind in any way, but was knocked down by the collision with said steamboat.

The second paragraph of the answer contains the material allegations of the first paragraph, with the following additional averments, viz.: "that after that accident the defendant and the assured—the Mount Vernon Hominy Mill Company—each investigated the facts of the loss, and were satisfied that said loss was the result of the negligence of the officers and servants of the Cincinnati and Memphis Packet Company in so negligently navigating said steamer;" that the assured and the defendant elected to treat the loss of said building and property as caused solely by the negligence of said packet company, and the assured thereupon elected to bring an action against said packet company to recover therefor, and that it did bring such action, but upon trial thereof judgment was rendered against the assured.

It is also averred that the policy sued on provides that, in all cases of loss, the assured shall assign to the in-

surer all his rights to recover from any other person or persons, corporations, etc., for such injury and loss, and that the assured had not done so, but had sought to recover from such corporation in his own right.

Do the facts pleaded in either of these paragraphs constitute a defense to the plaintiff's cause of action? A single paragraph of answer can not serve the double purpose of an answer of confession and avoidance of the entire cause of action, and also of a denial thereof. *Coble* v. *Eltzroth*, 125 Ind. 429.

But it may avoid part and deny part. *State, ex rel., White* v. *St. Paul & Morristown T. P. Co.*, 92 Ind. 42; *Colglazier, Admr.,* v. *Colglazier*, 117 Ind. 460.

Neither of these answers states facts sufficient to withstand a demurrer, as an answer in confession and avoidance, and if good at all, they are so only because they are argumentative denials.

It is alleged in the complaint that the property insured was destroyed by a cyclone or hurricane. The assurers deny that the loss was occasioned by a tornado, cyclone or hurricane, but that it was caused by a very high wind forcing the boat against it. Is this not a confession that a tornado, cyclone, or hurricane caused the injury?

The words tornado and hurricane are synonymous, and mean a violent storm, distinguished by the vehemence of the wind and its sudden changes. While the definition of a cyclone is, "A rotatory storm or whirlwind of extended circuit." Webster's Unabridged Dictionary.

It is evident, therefore, that a hurricane is a very high wind. That the hurricane itself, coming in contact with the building, did not alone cause the damage is not material, but if it caused another body to come in contact and do the damage, the hurricane would be the direct and controlling cause. The special allegations as to the

cause of the injury are inconsistent with the allegations that the loss was not occasioned by a tornado, hurricane, or .cyclone, hence they control such general allegation. *Evansville, etc., R. R. Co.* v. *Crist*, 116 Ind. 446; *Warbritton* v. *Demorett*, 129 Ind. 346; *Moyer* v. *Fort Wayne, etc., R. R. Co.*, 132 Ind. 88.

The allegations relative to the investigation by the assured and the insurer, and the bringing of the action by the assured against the Cincinnati and Memphis Packet Company, did not show a release of appellee from liability, and added nothing to the answer. Neither paragraph of the answer was good for any purpose, and the court did not err in sustaining the demurrers thereto.

Judgment affirmed.

Filed Nov. 9, 1893.