Filed May 29, 1894.

———————◆———————

1,078.

## Holmes v. Board of Commissioners of Sullivan County.

Election.—*Publication of List of Nominations.—Compensation.—Legal Rate.*—As the election law of 1889, as amended in 1891 (Acts 1891, p. 126, section 23), requires the list of nominations published by the county clerks to be "arranged, as far as practicable, in the order and form in which they will be printed upon the ballots," but provides no compensation for the printing, the rate fixed by the general law (section 6011, R. S. 1881), is applicable.

Same.—*Manner of Publication.—Statutory Requirement.*—In the absence of a finding of fact as to the necessity for printing the list of nominations of the same size as the regular ballot in order to make it conform to the statutory requirement of order and form, the Appellate Court can not determine the question as a matter of law, and hence will not disturb a judgment fixing the publisher's compensation at the rate provided in section 6011, R. S. 1881, for printing done according to the requirements of that section.

From the Sullivan Circuit Court.

*W. S. Maple*, for appellant.

*O. B. Harris* and *W. T. Douthitt*, for appellee.

GAVIN, J.—The appellant filed with the commissioners a claim for $310 for printing the list of nominations in his newspaper as required by section 23 of the election law of 1889, p. 168, as amended in 1891. Acts of 1891, p. 126, Elliott's Supp., section 1345.

The commissioners allowed him $140. On appeal the judge, after trial, made a special finding of the facts, and by the conclusions of law allowed him $88.50.

From the judgment rendered, the appellant appeals to this court, asserting that the court erred in its conclusions of law.

From the facts found, it appears that appellee printed in his newspaper, at the time required by law, for the election of 1892, the list of nominations specified in the statute; that the same were not set in solid reading type of the same size as that in which the body of the ordinary business advertising in said paper was set, but display type, spacing and cuts were used; that the publication could have been set in solid reading type of the same size as that in which the ordinary business advertising was set in said paper, and as thus set, with two display lines, it would have occupied fifty-nine squares of 250 ems each; that the value of the space actually occupied, at the ordinary commercial rates, was $50; that the list was printed so as to be substantially a *fac simile* of the regular ticket, the names being placed three-fourths of an inch apart from center to center, and the entire ticket occupying 250 squares.

Section 23, above referred to, which directs the publication by the clerk of the lists of nominations certified to him by the governor, and filed with the clerk, contains this provision: "The list of nominations published by the county clerks shall be arranged, as far as practicable, in the order and form in which they will be printed upon the ballots, and shall designate the devices under

which the group or list of candidates of each party will be printed." This law contains no provision as to the compensation for this printing.

The claim of appellant is that he is entitled to compensation at the rate fixed by the general law, section 6011, R. S. 1881, being section 8087, R. S. 1894, which is as follows: "Advertising, growing out of any duty of any city, county, or township officer, executor, administrator, guardian, trustee, or assignee (except the printing of the delinquent tax list), shall be, by such officer, charged up, collected, and paid over to the printer. And when such printing is done for the county, the board of county commissioners shall allow the same, and pay it out of the county treasury, according to the rate herein fixed. The compensation for such printer for such advertising shall be as herein set forth, to wit: for each advertisement, per square of 250 ems, first insertion, one dollar. For each additional insertion, fifty cents: *Provided,* that the said advertisement shall be set in solid reading type of the same size as that in which the body of the ordinary business advertising in said paper is set, without any leads or other devices for increasing the space, except as hereinafter specified; and said advertisement shall be set up without more than two display lines to each advertisement, neither of which display lines shall occupy space greater than four solid lines of the ordinary reading type in which the body of said advertisement is set. And in case such officer shall be unable to procure such advertisement for the price fixed herein, it shall be sufficient for him to post up such written or printed notices as the law requires, and such advertisement in a newspaper shall be dispensed with."

The appellee claims:

1st. That the election law stands complete within itself, and as no rate of compensation is fixed in this

statute, and no reference made to the general law, the newspapers are entitled to recover upon a *quantum meruit*, just what the work is worth, and no more.

2d. That if the rate fixed in the general law governs, then the appellant must take the benefits of that law with the burden attached, and if he takes $1.50 per square, he must take that only on each square occupied if set solid as required by that law, since the $1.50 per square is only allowed for solid matter with two display lines, by the very terms of the law.

Appellant, on the other hand, contends that the two statutes must be construed together, and that in so far as the later statute contradicts the earlier, the former must control. With this view we are inclined to agree, and, without stopping to determine it, shall, for the purposes of this decision at least, adopt it as the proper rule. We have the rate then fixed at $1.50 per square. *Prima facie* this must, of course, be $1.50 for each square required to set the publication in solid reading type of the same size as the ordinary business advertising, with two display lines, as expressly set forth in the statute giving this rate.

If, however, more space is required in order to set the matter in accordance with the provisions of the election law, then it must be so set, and the printer will be entitled to pay accordingly. This brings us to the main proposition in the case. Can this court say, as a matter of law, that in order to preserve the order and form of a regular ticket, the size must be retained as well?

The election law does not, in direct terms, require the publication to correspond in size with the regular ballot. If, however, the order and form can only be maintained by preserving also the size, appellant may well claim that his contention is sustained by necessary implication.

If it had been found, as a matter of fact, that to print the list in the order and form of the regular ticket, it was necessary to print it of the ·same size, then another question would be presented, which it is now unnecessary for us to determine, for there is no such finding here. There being no finding of such necessity, we are unable to conclude, as à matter of law, that it is necessary. On the contrary, it seems to us readily and easily practicable to produce two tickets corresponding in order and form but differing in size.

If a half-size photograph were taken of a regular ballot, it would be difficult to convince the average man that the photograph did not agree in the order and form with the originals.

Conceding the purpose of this law to be as argued by appellant, the education of the voters by familiarizing them with the form, shape and appearance of the regular ticket, we are still unable to say that this purpose could not be accomplished without preserving the size of the ballot as well. Of course a reprint of the ticket might be so much reduced in size as to be of but little value for this purpose. Even in this view, however, it would certainly be a question of fact rather than one of law, when the reduction had been carried to an unreasonable extent.

In both the R. S. 1894, section 6222, and the Acts of 1891, p. 127, we find reproductions of portions of the ballots which occupy much less space than the same part of the regular ballot, and would seem to indicate the possibility of preserving the order and form of the ballot without reproducing the ticket of the same size.

It is a well settled rule of law that where there is a special finding or verdict, he upon whom rests the burden must establish, by the facts found, his right to the

relief asked.    *Kehr* v. *Hall,* 117 Ind. 405;    *Sweetser* v. *Snodgrass,* 7 Ind. App. 609.

Upon the facts, as found in this case, we are unable to say that appellant was entitled to anything more than he received.

Judgment affirmed.

Ross, J., and Lotz, C. J., concur in the result.

Filed May 29, 1894.