Filed Feb. 19, 1895.

---

No. 1,272.

THE BOARD OF COMMISSIONERS OF MIAMI COUNTY *v.* WOODRING ET AL.

ELECTIONS.—*Publication of State and County Ballots.—Liability of County.—Amount of.*—Where State and county ballots were published under the direction of the county clerk, the printer, if not entitled to measure the value of the services under section 8087, R. S. 1894, is at least entitled to measure them by a *quantum meruit.*

PLEADING.—*Answer to Entire Complaint, When Insufficient.—Right to Recovery in Part.*—If an answer attempt to answer and defeat a recovery on the entire complaint, it will be insufficient on demurrer if it falls short of such purpose.

SAME.—*Answer Denying, and Confessing and Avoiding.*—A single paragraph of answer can not perform the double function of both denying and confessing and avoiding the complaint.

From the Miami Circuit Court.

*R. P. Effinger, N. N. Antrim, J. N. Tillett* and *C. A. Cole,* for appellant.

*W. E. Mowbray,* for appellees.

LOTZ, J.—The appellees, plaintiffs in the court below,

alleged in their complaint that they were the owners and proprietors of the Peru Evening Journal, a daily newspaper of general circulation, printed and published in Miami county; that in pursuance with the order and direction of the clerk of the Miami Circuit Court, they published in the columns of their paper the State and county ballots for the general election for the year of 1892; that their "bill" or claim for such services is due and unpaid, and that they were entitled to recover thereon the sum of $294.75.

A bill of particulars is set out and made an exhibit to the complaint. The manner in which the publication was made, with reference to the size and form of the ballots, the size and kind of type and display lines used is also specifically alleged, and *fac simile* copies of the ballots published are made exhibits. It is also alleged that before instituting this action the appellees filed their claim for allowance before the board of commissioners; that said board allowed thereon only the sum of $87.25, which amount the appellees refused to accept.

A demurrer was overruled to this complaint, and this is the first error assigned.

The appellant insists that the complaint proceeds upon the theory that the plaintiffs are entitled to recover under section 8087, Burns R. S. 1894 (section 6011, R. S. 1881); that, as it affirmatively appears, the type was not set and the publication made in accordance with the provisions of that section, no right of action is made by the complaint.

The publication of the nominations for the various offices is a duty required of the clerk of the court by the law. It is a publication made in the interest of the people of the county. The county, as a legal subdivision of the State, should pay for the services performed in making the publication.

The complaint in this case gives a full history of the transactions in making the publication. It is shown that it was done under the direction of the clerk, and the manner in which it was done is fully set out. The county was liable to pay for the services rendered.

If the appellees were not entitled to measure the value of their services under section 8087, *supra*, they were at least entitled to measure them by a *quantum meruit*, and by either rule they were entitled to recover something. *Smith* v. *Board, etc.*, 6 Ind. App. 153 (166).

The measure of damages usually can not be determined upon demurrer. It is a question which arises upon the trial, and must be there determined by the court, upon the facts presented. There was no error in overruling the demurrer to the complaint.

The appellant filed a single paragraph of answer. The record shows that the appellees demurred to the second paragraph of answer for want of facts. The record further discloses that the court sustained the appellees' demurrer to the first paragraph of answer, and on failure of the appellant to plead further, rendered judgment against it for the full amount demanded by the complaint.

The further assignment of error is that the court erred in sustaining the demurrer of appellees to the first paragraph of appellant's answer. Aside from the confusion in the record, and aside from the fact that there was no demurrer to the first paragraph of the answer, this court will not reverse if the judgment rendered was right, or the only one that could have been properly rendered, as shown by the record. This brings in review the sufficiency of the answer. If it was bad, no defense was interposed, and the judgment can not be reversed.

The answer is a special one, the material parts of which are in these words: "But defendant says that

plaintiffs should not recover on their said claim herein for the following reasons, to wit, that the said advertisement did not comply with legal requirements for official advertising, as specified by section 6011, of the Revised Statutes of 1881, in this, to wit, that said advertisement is not set in solid reading type of the same size as that in which the body of the ordinary business advertising of said paper is set; that the space of said advertisement is increased by the devices at the head of the same; that said advertisement contains more than two display lines, to wit, thirty-eight display lines; that said advertisement is so leaded that each line thereof occupies as much space as four lines would occupy if set in solid reading type, as aforesaid.   Wherefore, defendant says that [plaintiffs] are not entitled to recover for the same at the rate fixed for legal advertising in said section 6011, but only for the reasonable value of the same:   And defendant further says that [the] advertising was and is worth not to exceed the said sum of eighty-seven and $\frac{25}{100}$ dollars, as allowed to plaintiffs for the same as in their complaint alleged.''

The purpose of a complaint in an action at law is to state the facts from which the legal right to a recovery arises, and the purpose of an answer is to defeat this right.·  If the answer falls short of this purpose it is insufficient.   It is true that an answer may be directed to a portion of the complaint or paragraph, and thus constitute a partial answer, but the answer under consideration attempts to answer the entire complaint.   There is no offer to confess judgment as to a part of the plaintiff's demand.   An answer and the purposes which it seeks to accomplish should be treated as an entirety.   It may confess and avoid a part of the recovery demanded and deny the remainder, and thus constitute a complete an-

swer. *Queen Ins. Co., etc.,* v. *Hudnut Co.,* 8 Ind. App. 22; *Colglazier, Admr:,* v. *Colglazier,* 117 Ind. 460.

But it can not confess and avoid the whole and also deny the whole. In other words a single paragraph of answer can not perform the double function of both denying and confessing and avoiding the complaint. *Racer* v. *State, for Use,* 131 Ind. 393 (401); *Nysewander* v. *Lowman,* 124 Ind. 584 (590); *Coble* v. *Eltzroth,* 125 Ind. 429.

The appellant's answer is defective because it does not entirely defeat a recovery. In fact the right to recover a part of the demand is admitted. It is, therefore, not a good answer to the whole complaint, and there was no error in sustaining the demurrer to it. Whether or not the judgment was rendered for too much we can not properly determine from the record before us. There was no trial of fact, nor was there any motion to modify. As to the measure of damages in such cases, see *Holmes* v. *Board, etc.,* 10 Ind. App. 195.

The answer being insufficient we can not reverse the case, even though there was no demurrer to it.

Judgment affirmed.

Filed March 20, 1895.