HAPEMAN v. CITIZENS' MUTUAL FIRE-INSURANCE COM
PANY OF KENT, ALLEGAN, AND OTTAWA COUNTIES.

FIRE INSURANCE—CONSTRUCTION OF POLICY—LOSS FROM LIGHTNING.

*Plaintiff, a farmer, obtained a policy of insurance upon "live
stock," etc. "Stock insured against lightning anywhere in
Kent, Allegan, and Ottawa counties. Situated in Allegan
county, Michigan, on section 5, in the township of Heath."
Plaintiff, while absent from his home with his horses on busi-
ness, stopped overnight at the house, and stabled his horses
in the barn, of a relative. The barn was struck by lightning,
burned, and the horses destroyed with it. *Held, (1) that
the insurance was not limited to the loss of stock upon the
farm; (2) that the policy covered loss from both lightning,
and fire the immediate result of the lightning.

Error to Allegan; Padgham, J. Submitted March 5,
1901. Decided March 26, 1901.

*Assumpsit* by George Hapeman against the Citizens'
Mutual Fire-Insurance Company of Kent, Allegan, and
Ottawa Counties on a policy of insurance. From a
judgment for plaintiff, defendant brings error. Af-
firmed.

Plaintiff, a farmer, secured a policy of insurance in the
defendant company, which contained the following pro-
vision:

"Live stock, carriages, harnesses, and farm implements,
$200. Stock insured against lightning anywhere in Kent,
Allegan, and Ottawa counties. Situated in Allegan
county, Michigan, on section 5, in the township of
Heath."

Plaintiff had driven away from his home on business,
and stopped overnight at the house of one Burnip, a
relative. During the night the barn was destroyed by
fire, and the horses burned in it. The main issue of fact

* Head-note by GRANT, J.

in the case was whether the barn was struck by lightning, and thereby set on' fire. The jury found with the plaintiff on this issue. Defendant moved for a new trial, which was denied.

*Taggart & Taggart* (*F. H. Williams*, of counsel), for appellant.

*Wilkes & Hoffman*, for appellee.

GRANT, J. (*after stating the facts*). 1. It is first urged that the insurance upon the property in question did not extend beyond the farm. Counsel for defendant say:

"It [the policy] does not describe any one article, animate or inanimate, that from the description could be identified, other than by its location upon plaintiff's farm."

We find no reason in this contention. The term "live stock" includes horses, which are found on every farm in Michigan. To sustain defendant's contention would result in negativing that provision of the policy expressly insuring such stock against lightning anywhere in the three counties named.

2. It is urged that if the horses were destroyed by fire resulting from the lightning, and were not killed by a direct stroke of lightning, defendant is not liable. An instruction to this effect was refused, the court holding that if the horses were destroyed by fire which was immediately caused by the lightning, or by the lightning itself, defendant was liable. The instruction was correct. The policy included loss from lightning, whether the horses were killed by the lightning, or by a fire the immediate result of the lightning. This policy permitted and covered insurance upon the live stock when in legitimate use in any part of the territory covered by the policy. It is common for parties driving in the public highway, when overtaken by a storm, to drive into sheds or barns for temporary protection. It is common for

farmers to exchange work, and also for a farmer to hire out with his team to work for other farmers. The policy contemplates that stock thus situated is within its protection. In most cases, where such buildings are struck by lightning and a fire immediately follows, it would be impossible to tell whether the animals were killed by the lightning or by the fire resulting. Neither the statute under which the defendant was organized, nor the terms of the policy, contemplate that, under such circumstances, a party injured must show that the animals were killed by lightning.

Judgment affirmed.

The other Justices concurred. )