Grafton,     }
April 6, 1909. }

## THORP & a. v. ÆTNA INSURANCE CO.

A policy insuring against loss by fire or lightning the " horses . . . con-
tained in frame barn " does not cover an animal kept therein at the time
the contract was made, but afterward turned out to pasture and there
killed by lightning two months after his removal.

ASSUMPSIT, on a fire insurance policy. The facts were agreed,
and the questions of law arising thereon were transferred from the
September term, 1908, of the superior court by *Pike*, J., without
a ruling.

The policy insured the plaintiffs against loss from fire or light-
ning to the amount of $400 " on horses . . . contained in
frame barn." July 29, 1906, a horse owned by the plaintiffs was
killed by lightning while in a pasture one eighth of a mile distant
from the barn described in the policy and entirely independent
thereof. The horse had been in the pasture for two months and
had been taken up occasionally during that time. In this action
the plaintiffs sought to recover for the loss of the horse.

*L. Ashton Thorp* and *Lee C. Abbott*, for the plaintiffs.

*Kelley, Harding & Hatch*, for the defendants.

YOUNG, J. The defendants agreed to insure the plaintiffs
against loss to the amount of " $400 on horses, . . . hay,
grain, and produce contained in frame barn." It will be neces-
sary, therefore, to ascertain what is intended by " contained in,"
as used in the policy (*Stone* v. *Insurance Co.*, 69 N. H. 438, 440);
for horses " contained in " the barn are the only ones insured.

Did the parties intend that the policy should cover the horses
the plaintiffs had in the barn when the contract was made, or
those " contained in " it when the loss occurred? The only evi-
dence relevant to this issue is the language of the policy and the
character of the property insured. If the words the parties
employed are capable of the construction that the defendants
agreed to insure for a term of five years the horses which the
plaintiffs kept in the barn at the time the policy was issued, that
is not the meaning of the policy if the language was used as it is
commonly understood. If the words are given their ordinary
meaning, the defendants did not agree to insure for a term of five
years horses which the plaintiffs had in the barn at the date of

the policy, but horses belonging to the plaintiffs which were "contained in" the barn during the life of the policy. *Farmers' etc. Ass'n* v. *Keyder*, 5 Ind. App. 430. There is a presumption that the words were used in their ordinary sense, and therefore that the policy was intended to cover horses of the latter class.

This conclusion is strengthened when the language of the parties is considered in connection with the character of the other property covered by the policy, namely, hay, grain, and produce "contained in" the barn. However it may be as to horses, it is not probable that the plaintiffs would insure a particular lot of hay, grain, or produce for a term of years. Such commodities are constantly changing. What is on hand at any given time is consumed, and a new supply is procured to take its place at least as often as once a year. Although the plaintiffs might wish to carry some insurance on their hay and grain, it is very improbable that they would insure for a term of years the fodder on hand at any given time. Yet that is just what they did, if they insured the horses "contained in" the barn at the date of the policy. The policy should be construed as though it were written "$400 on contents of frame barn," except that in such case it would cover any property of the kinds usually kept in barns, while now it only covers property of the specified kinds.

Since this is so, the test which determines whether the horse in question was covered by the policy is the answer to the inquiry whether it was "contained in" the barn at the time it was killed, within the meaning of those words as used in the policy. The defendants contend that to be "contained in" the barn, the horse must have been actually in the barn at the time it was struck by lightning. *Haws* v. *Insurance Co.*, (Pa.) 15 Atl. Rep. 915; *Farmers' etc. Ass'n* v. *Keyder*, *supra*. On the other hand, the plaintiffs argue that "contained in" should be construed to mean "kept in," or "usually kept in"; and that if a horse is "kept in" a barn it is "contained" therein, even if it is not there at the time it is killed or injured. *Niagara Ins. Co.* v. *Elliott*, 85 Va. 962; *Hapeman* v. *Insurance Co.*, 126 Mich. 191; *Noyes* v. *Insurance Co.*, 64 Wis. 415; *De Graff* v. *Insurance Co.*, 38 Minn. 501; *Peterson* v. *Insurance Co.*, 24 Ia. 494. It will not be necessary to decide which contention is sound. Even if animals turned out to pasture during the day and taken up in the barn at night are "kept in" the barn when they are in fact in the pasture (*De Graff* v. *Insurance Co.*, *supra*), and if a coat commonly kept in the owner's house when not in use is "contained in" the house while it is at a shop to be repaired (*Noyes* v. *Insurance Co.*, *supra*), it cannot be said that a horse turned out to pasture for two months is "contained in" the barn while it is in fact in the pasture, even if

" contained in " should be construed to mean " kept in." A horse turned out for the season is " kept in " the pasture.

If the plaintiffs, instead of turning the horse out to pasture, had taken it to Littleton for use during the summer, and it had been burned while there, their rights would not be materially different from what they are now. In such case it would not be claimed that the horse was " kept in " their barn at Lisbon while it was in fact in their barn at Littleton, even if it was occasionally driven to Lisbon and put in the barn there for a night. Neither the fact that the plaintiffs kept the horse in their Lisbon barn before it was taken to Littleton, nor the further fact that they intended to again keep it there after it was brought back, would be relevant upon the issue of where it was kept when it was killed, if " kept " is given its ordinary meaning, or in fact any meaning of which it is fairly capable.

*Case discharged.*

All concurred.