## FIDELITY PHENIX FIRE INSURANCE COMPANY OF NEW YORK *v.* ANDERSON.

[No. 10,620.   Filed April 1, 1921.   Rehearing denied June 3, 1921. Transfer denied February 8, 1924.]

1. INSURANCE.—*Policy.*—*Construction.*—Insurance policies must receive a liberal construction in favor of the insured.   p. 126.
2. INSURANCE.—*Windstorm Insurance.*—*Loss Covered by.*—An insurance policy providing indemnity for loss or damage to the property insured by windstorm, tornado or cyclone covers loss of a horse, which, while securely tied in the stall of a barn, was so terrified by the blowing of the barn door against it that it surged violently backward and forced its hind foot through the rear part of the stable, so that it could not extricate itself, and was injured so that it died from the injuries and exhaustion. [Enloe, J., dissents.]   p. 126.

From Hancock Circuit Court; *Jonas P. Walker,* Judge.

Action by Verne Anderson against the Fidelity Phenix Fire Insurance Company of New York. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Burke G. Slaymaker,* for appellant.
*Charles L. Tindall,* for appellee.

NICHOLS, J.—Action by appellee to recover on a policy of insurance issued to him by appellant.

The substance of the complaint, so far as is necessary to decide the question involved, is that appellant by its policy of insurance duly executed, insured appellee

against any loss or damage by windstorm, tornado or cyclone to appellee's personal property, including horses, not exceeding $150 on any head over two years old. On February 25, 1918, while said policy was in full force and effect, a certain horse of the value of more than $200, and over two years old, was killed by a violent windstorm; on said date said horse was securely enclosed within a barn on the premises of appellee; said barn had a large entrance door thereto immediately in front of where said horse was secured in a stall; by reason of said violent windstorm and by reason of the violent blowing of the wind, the lower fastenings of said door were broken, and said door was blown violently inward against the manger and immediately in front of the head of said horse, causing a loud noise and a violent inward and sudden rush of the wind on said horse, which greatly terrified it, causing it to surge violently backwards, breaking the halter by which it was securely tied, forcing its hind foot through the rear part of the stable, where it was caught between the timbers of which said barn was constructed; said windstorm occurred in the night time and said horse was unable to extricate itself, and was so injured that it afterward died from said injuries and exhaustion incident to its struggles and exertion. Said injury, death and damage was occasioned solely and proximately by said windstorm, and came under the clause of the policy insuring against such loss. Appellee has performed all the conditions of the policy to be by him performed, and appellant has at all times denied liability under said policy. There was a prayer for judgment in the sum of $300.

The policy provides that appellant agrees to make good unto the insured all such immediate loss or damage to the property insured, except as therein provided, as shall happen by windstorms, cyclones or tornadoes.

To this complaint appellant filed a demurrer, with memorandum, for want of facts, which demurrer was overruled, and to which appellant excepted. Refusing to plead further, appellant elected to stand on its demurrer and judgment was rendered in favor of appellee in the sum of $157.75.

Appellant relies for reversal upon the alleged error of the court in overruling its demurrer.

Appellant says that it is not alleged in the complaint that the impact of the wind, in and of itself, was sufficient to injure the animal or to propel it into the position because of which, as a result of its ineffectual efforts to free itself, it died, and that it is not claimed by appellee that the barn door or other object or objects set in motion by the wind, by reason of their impact against the animal, injured it or forced it into the position to be injured and killed. It is not necessary that there should be an allegation in the complaint that the horse was injured by the impact of the wind. Insurance policies must receive a liberal construction in favor of the insured and the construction that the appellant would have the court place upon its policy is altogether too technical and too fine to be comprehended by the ordinary person for whom policies of insurance are written. The immediate cause of loss is the proximate cause of loss. Anderson's Law Dictionary, 155.

In *Aetna Life Ins. Co.* v. *Fitzgerald* (1905), 165 Ind. 317, 75 N. E. 262, 1 L. R. A. (N. S.) 422, 112 Am. St. 232, 6 Ann. Cas. 551, the court quotes with approval from *McCarthy* v. *Travelers Ins. Co.* (1878), 8 Biss. 362, Federal Cases No. 8,682, as follows: "An efficient, adequate cause being found must be deemed the true cause unless some other cause, not incidental to it, but independent of it, is shown to have intervened between it and the result."

In *Queen Ins. Co., etc.,* v. *Hudnut Co.* (1893), 8 Ind. App. 22, 35 N. E. 397, the complaint alleged the loss of the insured property by tornado, cyclone or hurricane, and the insurance company answered that the loss was occasioned by a high wind forcing a boat against the property thereby destroying it; it was held that the answer was insufficient, the court saying, that if the hurricane caused another body to come in contact with the property thereby causing the damage, the hurricane would be the direct and controlling cause. In this case, whether the barn door driven by the force of the wind knocked the horse backward into the timbers immediately behind it, thereby injuring it, or, by crashing violently and immediately in front of the horse, frightened it backward into the timbers as alleged in the complaint, can make no difference. In either case the wind must be held to be the immediate and proximate cause of the injury. A construction that would hold the company liable only in the event of injury from direct impact of the wind would practically nullify the policy as a protection to the insured.

In *Louisville, etc., Traction Co.* v. *Worrell* (1908), 44 Ind. App. 480, 86 N. E. 78, an electric explosion upon a traction car created a panic among the passengers, and appellee left her seat to escape from the car, and was injured as she stepped therefrom; the court held that the act of so leaving her seat was not the direct, responsible cause of the injury, but the explosion.

In the case of the *German Baptist, etc., Assn.* v. *Conner* (1917), 64 Ind. App. 293, 115 N. E. 806, the loss was occasioned by an explosion resulting from a fire. The policy was a fire insurance policy, and the court held that, where there was no exception in the policy absolving the insured from liability for loss by explo-

sion, the fire producing the explosion was the cause of the loss within the meaning of the policy.

In the case of *Jordan* v. *Iowa Mutual, etc., Ins. Co.* (1911), 151 Iowa 73, 130 N. W. 177, Ann. Cas. 1913A 266, it was contended that the policy did not cover any loss or damage save that due directly to the windstorm, such as a direct physical injury to the stock as by throwing them to the ground, driving them against some obstacle, or the hurling of some object against them. But the court says: "As we view it, this is entirely too narrow a construction. It ignores the fundamental tenet for the construction of insurance policies, to the effect that if the policy is so drawn as to require interpretation and be fairly susceptible of two different constructions that one will be adopted which is most favorable to the insured." To the same effect are the following cases: *Queen Ins. Co.* v. *Patterson Drug Co.* (1917), 73 Fla. 665, 74 So. 807, L. R. A. 1917D 1901; *Fire Assn.* v. *Evansville Brewing Assn.* (1917), 73 Fla. 904, 75 So. 196; *Newmark* v. *Liverpool & London Fire & Life Ins. Co.* (1860), 30 Mo. 160, 77 Am. Dec. 608; *Hapeman* v. *Fire Insurance Co.* (1901), 126 Mich. 191, 85 N. W. 454, 86 Am. St. 535.

Appellant has cited authorities, none of them from Indiana, which seem to hold otherwise, but we are satisfied with the rule which has been adopted in Indiana, and it must prevail.

Judgment is affirmed.

### DISSENTING OPINION.

ENLOE, J.—I cannot concur. The allegations of the complaint do not show that the injury to said horse was immediately caused by said windstorm, and said loss was not therefore within the policy.