D. S. MILLER v. FARMERS MUTUAL LIFE INSURANCE ASSOCIATION OF NORTH CAROLINA.

(Filed 9 April, 1930.)

1. **Insurance S a—Where cause designated in policy is efficient cause of loss, recovery may be had although other causes contributed.**

    Where in an action on a policy of insurance covering loss to property from windstorms there is evidence tending to show that a windstorm ·and snow caused the loss to the insured, the fact that snow was a contributing cause does not preclude a recovery, it being ordinarily sufficient if the cause designated in the policy was the dominant, efficient cause of the loss, and the question of whether the windstorm was the dominant and efficient cause is for the determination of the jury, and an instruction to the effect that if the snow was a contributing cause the plaintiff could not recover is reversible error.

2. **Appeal and Error F a—Contention of appellee not based on exceptions will not be considered on appeal.**

    Where the contention of the appellee involves the consideration of questions of law and facts, and there is no exception presenting this view for decision, the Supreme Court will confine its investigation to matters based upon exceptions.

APPEAL by plaintiff from *Harris, J.,* at January Term, 1930, of DURHAM. New trial.

The plaintiff, a member of the Orange County branch of the defendant corporation, brought suit on a policy of insurance issued by the de-

fendant in the sum of $1,500 on his one-story frame building used as a pavilion and dressing room at Highland Park near the city of Hillsboro. The policy contains the following clause: "Lightning and Storm Clause— (Ordinary). This policy shall cover any direct loss or damage caused by lightning, including loss or damage by cyclone, tornado or windstorm, not exceeding the sum insured, nor the interest of the insured in the property, and subject in all other respects to the terms and conditions of this policy; *provided, however,* if there should be any other insurance on said property this association shall be liable only pro rata with such other insurance for any direct loss by lightning or windstorm, whether such other insurance be against direct loss by lightning and windstorm or not."

The plaintiff alleged that on 2 March, 1927, and from twenty-four to forty-eight hours before that time, the wind blew with great force; that as a result of the windstorm such quantities of snow were heaped upon the hall and dressing-room as to crush the top; and that during the terrific windstorm and snow the top of the building collapsed, doing great damage to the property. He alleged, further, that the defendant became liable to him in the sum of $1,055.64 as the measure of his loss. The defendant admitted the execution of the policy and the payment of premiums, but denied the remaining material allegations of the complaint. The following verdict was returned:

1. Was the plaintiff's pavilion and dressing hall damaged by windstorm, as alleged in the complaint? Answer: No.

2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: ..............

Judgment for the defendant; appeal by the plaintiff.

*Fuller, Reade & Fuller and E. C. Brooks, Jr., for plaintiff.*
*McLendon & Hedrick for defendant.*

ADAMS, J. The defendant contends that there was no windstorm and that the plaintiff's damage was the sole proximate result of the accumulation of snow on the roof. The plaintiff contends that a windstorm was the efficient cause of the damage, and that he is entitled to recover on the policy although the snow on the roof may have contributed to the collapse of the building. With respect to these contentions the court instructed the jury as follows: "The court further charges you that unless you find from the evidence and by the greater weight thereof, the burden of proof being upon the plaintiff, that the said building was damaged by a windstorm, as I have defined a windstorm to you, unaided by snow, which was deposited on the building during the course of the snowfall, and further unaided by any snow which was blown on the

building by the wind, then the court charges you that it would be your duty to answer the first issue No." This instruction is one of the appellant's assignments of error.

Among the various forms of insurance contracts are those relating to lightning insurance and to cyclone, tornado and windstorm insurance. Some forms of lightning insurance exclude loss or damage caused by cyclone, tornado or windstorm, but the policy under consideration includes such loss in express terms. 37 C. J., 661. It is not denied that the property was damaged or that in consequence the plaintiff suffered loss. The exception presents the question whether the plaintiff must prove that a windstorm was the sole proximate cause of the damage or whether he may recover upon proof that it was the efficient cause although snow upon the roof may have been a contributing cause. On this point the weight of authority is in support of the plaintiff's contention. The general rule is that if the cause designated in the policy is the dominant and efficient cause of the loss the right of the insured to recover will not be defeated by the fact that there were contributing causes. In *Jordan v. Iowa Mut. Tornado Ins. Co.,* 130 N. W., 177, the plaintiff sought to recover damages on two policies insuring against the loss of livestock caused by tornadoes, cyclones, and windstorms, and the defense was put upon the ground that the loss, if any, was wholly outside the terms of the contract. The court held that if the windstorm was the efficient cause of the loss, the fact that other causes contributed thereto would not relieve the insurer of liability. The principle was maintained in *Phenix Ins. Co. v. Charleston Bridge Co.,* 65 Fed., 628, the court holding in effect that when the damage complained of resulted from two or more causes which could not be distinguished the entire loss would be referred to the dominant and not to the contributing cause. In reference to the question of liability on a tornado insurance policy considered in *Queen Ins. Co. v. Hudnut Co.,* 35 N. E., 397, the Appellate Court of Indiana remarked, "That the hurricane itself coming in contact with the building did not alone cause the damage is not material, but if it caused another body to come in contact and do the damage the hurricane would be the direct and controlling cause."

Of course the principle enunciated in these cases has no application if liability for the contributing cause is expressly excluded by the terms of the policy. *Holmes v. Phenix Ins. Co.,* 98 Fed., 240, 47 L. R. A., 308; *Nat. Union Fire Ins. Co. v. Crutchfield,* L. R. A., 1915 B, 1094.

The plaintiff's allegation is susceptible of the interpretation that the fall of the roof was caused by the wind and the accumulation of snow upon the house. If the jury should find from the evidence that the windstorm was the efficient cause of the damage and that the snow was contributory the combined effect would be attributed to the efficient

cause, upon the principle that "it is generally sufficient to authorize a recovery on the policy that the cause designated therein was the efficient cause of the loss, although other causes contributed thereto." 17 C. J., 694.

The instruction complained of withheld from the jury any consideration of this view of the case.

The defendant contends that if the evidence be true the plaintiff cannot recover upon the policy; but the contention involves the consideration of law and facts, and as there is no exception presenting this view we have confined our investigation to matters based on the exceptions of the appellant.

For error in the instruction there must be a

New trial.