D. S. MILLER v. FARMERS MUTUAL FIRE INSURANCE ASSOCIATION OF NORTH CAROLINA.

(Filed 22 October, 1930.)

1. **Insurance S a—Evidence that cause designated in policy was efficient cause of loss held sufficient to be submitted to the jury.**

   Where in an action on a policy of insurance covering loss to property from windstorms there is evidence tending to show that a windstorm was the dominant, efficient cause of the loss, but that snow was a contributing cause, the evidence is properly submitted to the jury, it being ordinarily sufficient if the cause designated in the policy is the dominant, efficient cause of the loss.

2. **Interest A a—Where in an action against an insurance company the verdict does not award interest, interest is payable from date of verdict.**

   Where in an action on a policy of insurance covering loss to property from windstorms the verdict of the jury does not award interest either as such or as a part of the damages, the judgment should award interest from the date of the verdict and not from the date of the destruction of the property by the cause designated in the policy, and where the judgment awards interest from the latter date the cause will be modified and affirmed.

APPEAL by defendant from *Johnson, Special Judge,* and a jury, at June Term, 1930, of DURHAM. Modified and affirmed.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff's building damaged by windstorm as alleged in the complaint? Answer: Yes.

2. If so, what amount is the plaintiff entitled to recover of the defendant? Answer: $1,066, with interest from date."

The court below rendered the following judgment: "This cause coming on to be heard before his Honor, Thomas L. Johnson, and a jury, at the June, 1930, Term of Durham Superior Court, and the jury having answered the issues as set out in the record, it is therefore upon motion of counsel for the plaintiff ordered, considered and adjudged that the plaintiff have and recover of the defendant the sum of $1,066, together with interest thereon from 2 March, 1927, until paid, together with the costs to be taxed by the clerk."

Defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Fuller, Reade & Fuller for plaintiff.*
*McLendon & Hedrick for defendant.*

CLARKSON, J. This action was here before, 198 N. C., 572. This Court said, at p. 574-5: "The plaintiff's allegation is susceptible of the interpretation that the fall of the roof was caused by the wind and the accumulation of snow upon the house. If the jury should find from the evidence that the windstorm was the efficient cause of the damage and that the snow was contributory, the combined effect would be attributed to the efficient cause, upon the principle that 'it is generally sufficient to authorize a recovery on the policy that the cause designated therein was the efficient cause of the loss, although other causes contributed thereto.' 17 C. J., 694."

Defendant says: Upon the entire record it is respectfully submitted: "1. That the defendant is entitled to a judgment as of nonsuit. 2. That if the defendant is not entitled to a judgment as of nonsuit, a new trial should be awarded the defendant for errors committed during the course of the trial, as set out in the defendant's brief."

We cannot so hold. We think the evidence sufficient to be submitted to a jury. We see no prejudicial or reversible error committed by the court below during the course of the trial. There is no new or novel proposition of law presented on the record. The court below tried the case in conformity with the opinion heretofore rendered in this action. There was an array of witnesses on both sides, eighteen examined for plaintiff and twelve for defendant. Plaintiff contended it was a windstorm that destroyed the building. Defendant contended it was the weight of snow which accumulated on the building, as a result of the snowstorm, and that it was not a windstorm that destroyed the building. It was a question of fact for the jury to determine, and they have decided the facts with plaintiff.

The verdict of the jury was "$1,066, with interest from date." The amount sued for was $1,066.54, with interest from 2 March, 1927, the date of the destruction of the property. From the verdict, the judgment is not justified. The judgment should have been rendered from date the verdict was rendered, not from the time the property was destroyed.

In *Insurance Co. v. R. R.*, 198 N. C., at p. 519, citing numerous authorities, is the following: "The jury awarded no interest, either as such or as a part of the damages, hence, under our decisions, the damages fixed by the jury, being, as they are, for tortious or wrongful destruction of property, do not, as a matter of law, bear interest until after judgment." The judgment in the court below is

Modified and affirmed.