## C. M. WOOD v. MICHIGAN MILLERS MUTUAL FIRE INSURANCE COMPANY.

(Filed 11 January, 1957.)

**1. Appeal and Error § 60—**

Where the Supreme Court holds that the evidence, exclusive of opinion testimony improperly admitted, was sufficient to take the case to the jury, the decision is the law of the case upon the subsequent trial upon substantially the same evidence, with the exclusion of the incompetent opinion testimony.

**2. Trial § 31c—**

It is the duty of the court to declare the law applicable to each factual situation relevant to the question of liability presented by the evidence, and the court's action in so doing cannot be erroneous on the ground that the charge gave abstract statements of legal principles not applicable to the case.

**3. Insurance § 52—If risk covered is efficient cause of damage and excluded risk is insufficient in itself to have produced damage, insurer is liable.**

The policy of windstorm insurance in suit provided that insurer should not be liable for loss caused directly or indirectly by "tidal wave, high water, overflow or ice, whether driven by wind or not." *Held:* Insurer is liable for loss resulting from windstorm as the efficient and predominating cause which produced the damage without any new or intervening cause sufficient of itself to produce the damage, and it is immaterial that the damage may have been indirectly and incidentally enhanced by high water, and further if the loss was caused by the windstorm, the fact that rains may have created a condition which permitted destruction of the property by wind, would not relieve insurer of liability, the policy not excluding from its terms rains, no matter how heavy.

**4. Trial § 36—**

Where the issue submitted comprehends the question in controversy, the fact that the court formulates the issue in its own phraseology rather than that suggested by a party is not ground for objection.

**5. Appeal and Error § 41—**

The admission of testimony over objection is not prejudicial when testimony of the same import is admitted without objection.

**6. Evidence § 37—**

Testimony as to the contents of weather bureau records is properly excluded, since the records themselves should have been put in evidence.

**7. Appeal and Error § 41—**

The exclusion of testimony of a witness is not prejudicial when the same witness is permitted to testify to the same fact a few moments later.

JOHNSON, J., not sitting.

APPEAL by defendant from *Patton, J.,* 18 June, 1956 Civil Term of FORSYTH.

This case was here at the Fall Term 1955. It is reported 243 N.C. 158. As there appears, plaintiff, the owner of a building under construction, insured it against damage by windstorm. It was damaged during hurricane Hazel 15 October 1954. A new trial was then awarded because of the reception of incompetent opinion evidence.

The evidence recited in the report of the prior appeal was substantially repeated on the trial forming the basis of this appeal. It is not deemed necessary to repeat it here.

The jury answered the issues submitted to it in accordance with the contention of plaintiff. Judgment was rendered on the verdict, and defendant appealed.

*Buford T. Henderson for plaintiff appellee.*
*Deal, Hutchins & Minor for defendant appellant.*

RODMAN, J. Defendant's first assignment of error is to the refusal of the court to allow its motion for nonsuit. On the prior appeal defendant asserted that its motion for nonsuit should be allowed. This Court held the evidence sufficient to take the case to the jury. The only reason now assigned for changing the conclusion then reached is the fact that the present case does not include the opinion evidence then held incompetent. It was held on the prior appeal that the testimony of plaintiff, as recited, sufficed to take the case to the jury. The opinion evidence was in no way made the basis for the ruling on the motion. It was said the credibility of the witnesses was for the jury. The conclusion then reached is the law of this case.

Defendant assigns errors of commission in the charge and omission for failure to give requested instructions. The brief in support of the asserted errors of commission is based on the contention that the court gave abstract statements of legal principles not applicable to the case, and therefore misleading to the jury.

The insurance policy was by endorsement "extended to include direct loss by WINDSTORM, HAIL, EXPLOSION, RIOT, RIOT ATTENDING A STRIKE, CIVIL COMMOTION, AIRCRAFT, VEHICLES, AND SMOKE." With respect to these various hazards, the policy contained separate limitations. Applicable to this case were: "PROVISIONS APPLICABLE ONLY TO WINDSTORM AND HAIL: This Company shall not be liable for loss caused directly or indirectly by (a) frost or cold weather, or (b) snow storm, tidal wave, high water, overflow or ice, whether driven by wind or not."

The evidence was sufficient to permit the jury to reach the conclusion that the damage to the building was the result of any of three conditions. It could find in accordance with the contentions and testimony

of plaintiff that the damage to the building was caused solely and exclusively by winds of hurricane velocity and that the heavy rains occurring that day came after the loss had been sustained. It could find, as defendant contends, that the torrential rains saturated the earth and filled the ditch and openings adjacent to the foundation of the building, creating a hydrostatic pressure which the foundation was unable to withstand, and the damage was the result of high water in the ditch and pockets adjacent to the building. The jury might seek to harmonize the conflicting testimony. It could find that the foundations had only been erected some three weeks, that the mortar had not fully set, that the heavy rains had saturated the earth parched by long drought, that neither of these sufficed to cause damage to the building and under these conditions the building would withstand winds of normal velocity, but under the conditions then existing the building could not stand against the winds of the hurricane, whether the maximum velocity was 40 to 50 m.p.h., as limited by the testimony of defendant's witness, or a much higher velocity, as could be inferred from the testimony of plaintiff and his witness.

It was the duty of the court to declare the law applicable to each factual situation which the jury might accept as correct.

Defendant's brief supporting the exceptions to the charge says the instructions given by the court were prejudicial because they incorporated abstract principles which had no application to the facts. The policy provided protection against "direct loss by windstorm." The court defined windstorm. The court then told the jury that to be entitled to indemnity the loss must result from a peril which was the efficient and predominating cause and which produced the damage without any new or intervening cause sufficient of itself to produce the damage. The language used fitted the insuring portion of the policy and accords with the law as it has been declared. *Miller v. Insurance Association*, 198 N.C. 572, 152 S.E. 684. It is apparent that case was made the basis of the charge.

The judge then proceeded to declare the law applicable to the supposition that the jury would find that the rains had saturated the earth and thereby reduced the capacity of the building to withstand the windstorm. As to that, he told the jury in effect that if a cause not excluded, illustrated in this case by the rain which soaked and softened the earth, enabled the wind to destroy the building, plaintiff could, notwithstanding the contributing cause, recover; but if the cause insured against (windstorm) and an excluded cause (high water) combined to create the damage, plaintiff could not recover. The error, if it exists in the charge, is not one as to which defendant can complain. The rule applicable to policies of this character and to the factual situation presented by this case is, we think, correctly stated in *Anderson*

*v. Connecticut Fire Ins. Co.,* 43 N.W. 2d 807 (Minn.): "Where an insurance policy expressly covers the risk of loss to a building from windstorm, liability for such loss is established where it is shown that the windstorm by its own unaided action was of sufficient violence to be the efficient and proximate cause of the damage or where, as the efficient and proximate cause—though not the sole cause—it brings about such a material weakening of the building that it collapses from the weight of accumulated snow, and which collapse would not have taken place had not the structure first been weakened by the wind. It is immaterial that the damage following from the efficient and proximate cause may have been indirectly and incidentally enhanced by another cause expressly excluded from coverage."

Defendant's assignments of errors of omission are the refusal of the court to give instructions as requested. These requests proceed upon the theory that if water was a contributing cause to plaintiff's loss, he could not recover. The policy does not so provide. If plaintiff's loss was caused by the windstorm, the fact that the rains may have created a condition which would permit the destruction by the windstorm would not relieve defendant from liability. The policy does not exclude from its terms rains, no matter how heavy. It is the high water or overflow which would excuse defendant. *Trexler Lumber Co. v. Allemannia Fire Ins. Co.,* 136 A. 856 (Pa.); *Pearl Assur. Co. v. Stacey Bros. Gas Const. Co.,* 114 F. 2d 702; *Pennsylvania Fire Ins. Co. v. Sikes,* 168 P. 2d 1016 (Okla.); *Gerhard v. Travelers Fire Ins. Co.,* 18 N.W. 2d 336 (Wis.); *Fidelity Phenix Fire Ins. Co. v. Anderson,* 130 N.E. 419 (Ind.).

. That the court preferred its own phraseology to that suggested by defendant in formulating the issues is not error. It is not suggested that the issue submitted did not comprehend the question in controversy.

The exception and assignment of error to the question and answer: "Q. And to what extent was the wind blowing, if you have a way of describing it? A. Well, it was just blowing too hard for me to get outdoors and face it . . ." is without merit. The witness had previously testified: "The wind sure was blowing that day." There was other testimony: "The wind was blowing so terrific that it was almost impossible to stand up on the outside . . ."

Wiley Sims, a witness for defendant, in charge of the Weather Bureau at the Smith Reynolds Airport near Winston-Salem, had testified as to the amount of rain which fell that day. He testified that the Weather Bureau kept records at the airport since February 1944 and at Salem since 1895. He was then asked how the rain that day compared with the previous rains during that time. Plaintiff's objection was sustained. He would have testified: "That is the greatest amount

we ever had in a 24-hour period, as far as we know." The records had not been introduced in evidence. If, as seems, defendant was referring to contents of the records, they should have been put in evidence. All of the witnesses testified to extremely heavy rain that day. The exclusion of the evidence was not error.

Finally defendant excepts for that the court declined to permit the witness Griset to testify in response to a question that a simple means of testing wind pressure would be "By sticking your hand out of the window of your car when you are driving along." But the record discloses that this very witness testified to that fact just a few moments later. We find

No error.

JOHNSON, J., not sitting.