FRED W. HARRISON v. GLENS FALLS INSURANCE COMPANY

No. 718DC319

(Filed 26 May 1971)

**Insurance § 140— windstorm policy — ice and snow as contributing causes — instructions**

    In this action upon a windstorm policy which excluded coverage for loss caused directly or indirectly by ice, snow or sleet, whether driven by wind or not, to recover for damage caused to plaintiff's house by a falling tree limb, the trial court erred in failing to instruct the jury that it should return a verdict for defendant insurer if it found that ice and snow were contributing causes of the damage.

APPEAL by defendant from *Wooten, District Judge,* 14 December 1970 Session, GREENE District Court.

Plaintiff instituted this action to recover for damage done to a house owned by him, and insured by defendant, by a falling tree limb which, allegedly, fell due to a windstorm. Defendant filed an answer in which it denied the material allegations of the complaint, and alleged that the tree limb was caused to fall by an accumulation of ice, snow or sleet, and not by the wind. The insurance policy contains the following provision: " 'This company shall not be liable for loss caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not.' "

Plaintiff's evidence tended to show: the damage occurred about 7:15 on the morning of 11 January 1968; during the night of 10 January and early morning of 11 January, snow and sleet fell for a period of about seven hours, from 10:00 p.m. until 5:00 a.m.; plaintiff left his place of employment about 6:00 a.m. on 11 January and arrived at home about 7:00 a.m.; ice had accumulated on trees, power lines, roads, and on the ground to a depth of 1-1½ inches; the wind began to blow about 5:00 a.m., when the precipitation ceased; and was still blowing when the damage occurred; the wind reached speeds of 25-30 mph; shortly after returning home about 7:00 a.m., plaintiff was in his residence, located a short distance from the damaged house, when he heard "a calamity, a great fuss"; his investigation revealed that an oak limb, which measured 20-24 inches in diameter at the point where it joined the tree, had fallen upon the house; damage in the amount of $2,500 was done to the roof, chimney, and porch.

The defendant presented no evidence. The jury returned a verdict of $2,500 in favor of plaintiff. From a judgment thereupon entered, defendant appealed to this Court.

*Turner & Harrison, by Fred W. Harrison, for plaintiff-appellee.*

*Freeman & Edwards, by H. Jack Edwards, for defendant-appellant.*

BROCK, Judge.

Defendant assigns as error that the Court failed to instruct the jury that it should return a verdict for defendant if it found that the ice and snow were contributing causes of the damage because these perils were excluded from coverage under the policy. We agree.

*Miller v. Insurance Association,* 198 N.C. 572, 152 S.E. 684, was an action on a policy of windstorm insurance, which did not expressly exclude coverage for damage by snow, ice, etc. The plaintiff's building collapsed under the weight of snow which was deposited upon its roof by a windstorm. The Supreme Court held that it was error to charge that the windstorm must have caused the damage, unaided by the snow, in order for plaintiff to recover. The Court approved the general rule that if the cause designated in the policy is the dominant and efficient cause of the loss the right of the insured to recover will not be defeated by the fact that there were contributing causes. The Court went on to say that "[o]f course the principle enunciated in these cases has no application if liability for the contributing cause is expressly excluded by the terms of the policy."

In *Wood v. Insurance Co.,* 245 N.C. 383, 96 S.E. 2d 28, plaintiff sought to recover upon a policy of windstorm insurance for damage done to his building by hurricane Hazel. The policy expressly excluded coverage for loss caused by, among others, high water and overflow. Upon the evidence the jury could have found that torrential rains so weakened the foundation of the building as to render it unable to withstand the wind. In upholding a judgment for plaintiff, the Supreme Court said: "If plaintiff's loss was caused by the windstorm, the fact that the rains may have created a condition which would permit the destruction by the windstorm would not relieve defendant from liability. The policy does not exclude from its terms rains, no matter how

heavy. *It is the high water or overflow which would excuse defendant.*" [Emphasis added.] Plaintiff attempts to rely upon the language of *Anderson v. Connecticut Fire Ins. Co.,* 43 N.W. 2d 807 (Minn.), as quoted by our Supreme Court in *Wood, supra,* and particularly the following language: "It is immaterial that the damage following from the efficient and proximate cause may have been indirectly and incidentally enhanced by another cause expressly excluded from coverage." In *Anderson,* there was expert testimony as well as other evidence showing that the snow, which was the excluded peril, could have had no appreciable effect upon the damage, and that the structure in question was heavily and visibly damaged by the wind before the snow had fallen. Thus, the snow merely "enhanced" the damage, rather than being a contributing cause. *Anderson* is distinguishable from the case *sub judice.*

It would serve no purpose to reproduce the portion of the charge to which defendant excepts. Suffice it to say that the charge did not adequately impart to the jury the law as announced in *Miller* and *Wood, supra.*

It is not necessary to discuss defendant's remaining assignments of error.

New trial.

Judges MORRIS and HEDRICK concur.