DOUGLAS M. STROTHER AND REBECCA T. STROTHER v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 8810SC156

(Filed 19 July 1988)

**Insurance § 140.2— sleet damage to greenhouse—policy coverage**

The trial court erred by granting summary judgment for defendant and should have entered summary judgment for plaintiffs in an action to determine coverage under an insurance policy where plaintiffs' greenhouses were damaged by sleet and the policy excluded damage from ice other than hail, snow or sleet and excluded greenhouses used to service the residence premises. Plaintiffs could reasonably have read the policy as including coverage for loss caused by the weight of the accumulated sleet, and whether the exclusion for service of the residence premises was intended to apply to greenhouses used to grow tomatoes for commercial sale is not clear by the plain language of the exclusion.

APPEAL by plaintiffs from *Battle, Judge*. Judgment entered 4 December 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 9 June 1988.

This is an action to recover proceeds allegedly due under an insurance policy. Plaintiffs reside in Wake County on property on which are located six greenhouses. Plaintiffs use the greenhouses to grow tomatoes for commercial sale. On 17 February 1987, three of the greenhouses collapsed from the weight of accumulated sleet. The greenhouses were insured for $5,000 each under a policy issued by defendant. Defendant denied plaintiffs' claim and, on 26 May 1987, plaintiffs brought this action to recover the limits of the policy's coverage. Both parties moved for summary judgment. On 4 December 1987, the trial court granted summary judgment for defendant. Plaintiffs appeal the granting of summary judgment for defendant and the denial of their own motion for summary judgment.

*Holleman and Stam, by Paul Stam, Jr., for the plaintiff-appellants.*

*Yates, Fleishman, McLamb & Weyher, by R. Scott Brown, for the defendant-appellee.*

EAGLES, Judge.

Neither the cause nor the amount of damage is in dispute. The sole issue is whether the collapse of the greenhouses is a loss which the insurance policy covers. We hold that it is.

The relevant provision of the policy reads, in pertinent part, as follows:

PERILS INSURED AGAINST

We insure for direct loss to the property described in Coverage F caused by:

. . . .

2. Windstorm or hail

. . . .

> This peril does not include loss caused directly or indirectly by frost or cold weather or ice other than hail, snow or sleet all whether driven by the wind or not.

Courts must enforce the terms of an insurance policy according to its express language, without rewriting the policy to provide coverage. *Fidelity Bankers Life Ins. Co. v. Dortch*, 318 N.C. 378, 348 S.E. 2d 794 (1986). Where a provision is susceptible to more than one reasonable construction, however, it is ambiguous, *Maddox v. Insurance Co.*, 303 N.C. 648, 280 S.E. 2d 907 (1981), and must be construed in the insured's favor. *Chavis v. Southern Life Ins. Co.*, 318 N.C. 259, 347 S.E. 2d 425 (1986); *Akzona, Inc. v. Am. Credit Indem. Co.*, 71 N.C. App. 498, 322 S.E. 2d 623 (1984). Even if we assume the plain language of the provision does not clearly provide for coverage, plaintiffs nevertheless reasonably could have read the disputed provision as covering the loss. Accordingly, the trial court should have entered summary judgment for plaintiffs.

Defendant argues that the term "hail" is unambiguous and, as used in the policy, does not include sleet. Plaintiffs contend that "hail" is ambiguous and should be construed to include sheet. We need not, however, decide whether the ordinary meaning of the word "hail" includes sleet since the policy itself can be read to include sleet within the definition of the peril. The "peril" is entitled "windstorm and hail." To clarify what kinds of losses are within its coverage, the policy provision states that damage from ice "other than hail, snow or sleet" is not an included loss. The sentence uses "other than" to modify "snow" and "sleet" as well as "hail," and provides that damage caused by any of the three is not excluded from the policy's coverage. We cannot attribute to plaintiffs the ability to read the provision and conclude from its plain language that damage from sleet is not within the scope of the peril. Rather, the policy language is phrased in such a way that its reader could easily conclude that sleet and snow, as small particles of ice, are included within the meaning of "hail" in the peril's title.

Defendant argues that other parts of the policy indicate that damage from accumulated sleet was not intended to be covered. For example, defendant cites the inclusion of a provision in plaintiffs' homeowner's policy specifically covering damage caused by the weight of ice, snow, or sleet, and argues that the absence of a similar provision in the greenhouses' policy shows the parties did not intend similar damage coverage for the greenhouses. Defendant also points out that the policy does not use the terms "hail" and "sleet" synonymously. While we have no reason to doubt that

defendant did not intend to provide coverage for plaintiffs' loss, the insurer's intent is not the proper focus of inquiry. *Joyner v. Insurance*, 46 N.C. App. 807, 266 S.E. 2d 30 (1980), *disc. rev. denied*, 301 N.C. 91 (1981). The determinative question is whether a reasonable person in the position of the insured, from reading the policy, would believe the policy provided coverage. *Id.* Plaintiffs could reasonably read the policy as including coverage for loss caused by the weight of accumulated sleet. Defendant, as the party who drafted the policy, could have written it to state clearly that such damage was not included.

Defendant's reliance on *Harrison v. Insurance Co.*, 11 N.C. App. 367, 181 S.E. 2d 253 (1971) is misplaced. In *Harrison*, the plaintiff was seeking recovery for damage to his home caused by a tree limb which had fallen during a winter storm. The policy contained the following provision:

> [t]his company shall not be liable for loss caused directly or indirectly by frost or cold weather, or ice (other than hail), snow or sleet, whether driven by wind or not.

The Court there held that the trial court erred in failing to instruct the jury that it should find for the defendant/insurer if it also found that the ice and snow were contributing causes of the damage. Defendant argues that since the provision in *Harrison* is almost identical to the language in plaintiffs' policy, the Court's decision there requires us to hold that plaintiffs' loss is not covered. We disagree.

The Court in *Harrison* was not addressing the issue raised here. More importantly, the parentheses in the policy provision in *Harrison* is a critical distinction. Although punctuation, or its absence, does not control a policy's construction as against the plain meaning of its language, punctuation may be used to point out division in the parts of a sentence, which in turn may control the sentence's meaning. *See Huffman v. Insurance Co.*, 264 N.C. 335, 141 S.E. 2d 496 (1965). The parentheses in the provision in *Harrison* restricts the modifying effect of "other than" to the word "hail," causing the sentence to read as excluding damage caused by ice, snow, or sleet. The absence of the parentheses changes the entire meaning of the sentence as it relates to sleet and snow. *Harrison* is not persuasive here.

Defendant also relies on language in the policy excluding from the peril's coverage, damage to a "greenhouse . . . used to service the residence premises." The meaning of the word "service" will depend upon the context in which it is used. Black's Law Dictionary 1227 (5th ed. 1979). Here, "service" is used as a verb to describe the way in which the greenhouse is employed. Webster's Ninth New Collegiate Dictionary 1074 (1984) defines the verb "serve" to mean "be favorable, opportune, or convenient." The record establishes that plaintiffs use the greenhouses to grow tomatoes for commercial sale. Whether the exclusion intends to apply to greenhouses used in that manner is not made clear by its plain language. Consequently, the exclusion cannot be construed as applicable to plaintiffs' greenhouses.

The materials before the trial court establish that there is no genuine issue of material fact for trial and that plaintiffs are entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is reversed and the case is remanded for entry of judgment in favor of plaintiffs.

Reversed.

Judges ORR and SMITH concur.